OPINION
{¶ 1} Plaintiffs-Appellants appeal the trial court's decision of December 8, 2004, granting Defendant-Appellee State Farm Insurance Company's Motion for Partial Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The relevant facts in this matter are undisputed:
{¶ 3} On December 24, 2000, Clyde D. Shaffer and Katherine I. Shaffer were involved in an automobile accident caused by the negligence of Daniel C. Ocheltree. Both Shaffers died as a result of the injuries they sustained in said accident.
{¶ 4} The Shaffers had a daughter named Claudia Dalcoma, who is the biological mother of Joell Dalcoma. Claudia Dalcoma abandoned her daughter Joell in the late 1960's or early 1970's. Joell's father remarried and his new wife, Martha Dalcoma, legally adopted Joell.
{¶ 5} Appellant Joell Dalcoma has two children, Nathan Hughey and Sierra Pickens. At the time of the accident, Joell Dalcoma and her children were insured under an automobile policy of insurance issued by State Farm Insurance Company.
{¶ 6} Appellants Joell Dalcoma, Nathan Hughey and Sierra Pickens filed wrongful death beneficiary claims with State Farm for the deaths of their boliogical grandparents. State Farm denied such claims and Appellants filed a Complaint with the Tuscarawas County Common Pleas Court.
{¶ 7} On October 22, 2004, Appellee State Farm Insurance Company filed a Motion for Partial Summary Judgment pertaining to the claims of Joell Dalcoma, Sierra Pickens and Nathan Hughey.
{¶ 8} An oral hearing on said motion for partial summary judgment was held on November 22, 2004.
{¶ 9} By Entry dated December 8, 2004, the trial court granted Appellee's motion for partial summary judgment.
{¶ 10} It is from this decision that Plaintiffs-Appellants now appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 11} "I. The lower court erred as a matter of law in granting summary judgment for the defendants because the adoption of joel dalcoma did not cut off her relationship with her natural grandparents, the decedents."
{¶ 12} "Summary Judgment Standard"
{¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
{¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
{¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
{¶ 16} It is based upon this standard that we review appellant's assignments of error.
 I.
{¶ 17} In their sole assignment of error, Appellants argue that the trial court erred in granting summary judgment in favor of Appellees. We disagree.
{¶ 18} Ohio's wrongful death statute, R.C. § 2125.02, defines who is entitled to recover wrongful death benefits:
{¶ 19} "(A)(1) Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent. A parent who abandoned a minor child who is the decedent shall not receive a benefit in a civil action for wrongful death brought under this division."
{¶ 20} Appellants are arguing that they are entitled to recover benefits under said wrongful death statute because the Shaffers and Appellants continued to have a relationship in spite of the step-parent adoption by Martha Dalcoma and because they held themselves out to be grandparents and grandchild/great-grandchilden to the community.
{¶ 21} The legal effects of a final decree of adoption are set forth in R.C. § 3107.15, which states in relevant part:
{¶ 22} "(A) A final decree of adoption and an interlocutory order of adoption that has become final as issued by a court of this state, or a decree issued by a jurisdiction outside this state as recognized pursuant to section 3107.18 of the Revised Code, shall have the following effects as to all matters within the jurisdiction or before a court of this state, whether issued before or after May 30, 1996:
{¶ 23} "(1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents, so that the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the person by name or by some designation not based on a parent and child or blood relationship;
{¶ 24} "(2) To create the relationship of parent and child between petitioner and the adopted person, as if the adopted person were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is decreed, and whether executed or created before or after May 30, 1996, which do not expressly exclude an adopted person from their operation or effect;"
{¶ 25} Appellants rely on Lawson v. Atwood (1989),42 Ohio St.3d 69, in support of their argument that they are entitled to compensation in the form of wrongful death benefits because they have been deprived a their relationship with the Shaffers. However, upon review of Lawson, we find same to be inapplicable to the case at bar in that Lawson did not involve a step-parent adoption which terminated the legal relationship to a parent and that parent's natural family.
{¶ 26} In the case sub judice, the trial court found that "the adoption of Joell Dalcoma by Martha Dalcoma terminated the granddaughter/grandparents relationship (Joell Dalcoma) and the grandchildren/great grandparents relationship (Nathan Hughey and Sierra Pickens) and, as a matter of law, eliminated the rights of Joell Dalcoma and Sierra Pickens and Nathan Hughey as wrongful death beneficiaries of Katherine and Clyde Shaffer under R.C. 2125.02."
{¶ 27} Upon review, we find that the trial court did not err in finding that Appellants are not entitled to benefits under R.C. §2125.02 because their legal relationship and legal rights through the Shaffers were terminated pursuant to R.C. § 3107.15.
{¶ 28} Appellants' sole assignment of error is overruled.
{¶ 29} We therefore affirm the judgment of the trial court.
Boggins, P.J. Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellants.